JONES DAY
Christopher Lovrien, Bar No. 230546
cjlovrien@jonesday.com
Joseph J. Boylan, Bar No. 331991
jboylan@jonesday.com
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071.2452
Telephone: +1.213.489.3939
Facsimile: +1.213.243.2539

Nathaniel P. Garrett, Bar No. 248211
ngarrett@jonesday.com
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: +1.415.626.3939
Facsimile: +1.415.875.5700

Attorneys for Defendant
CHEVRON U.S.A. INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA BIOENERGY LLC, a California limited liability company,

Plaintiff,

v.

CHEVRON U.S.A. INC., a Pennsylvania corporation; and DOES 1 through 10, inclusive,

Defendants.

**Case No. 1:26-at-03949**

**CHEVRON U.S.A. INC.'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

Date Action Filed: October 14, 2026
Date Removed: November 13, 2026

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE THAT** Defendant Chevron U.S.A. Inc. ("Chevron") hereby removes this action, *California Bioenergy LLC v. Chevron U.S.A. Inc.*, Tulare County Superior Court Case No. VCU340594, to the United States District Court for the Eastern District of California. Chevron invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332(a).

In support of this removal, Chevron states the following:

**<u>Nature of the Complaint</u>**

1. On October 14, 2026, Plaintiff California Bioenergy LLC ("CalBioenergy") brought this action against Chevron U.S.A. Inc. and Does 1 through 10 in the Tulare County Superior Court, Case No. VCU340594. The Complaint asserts two causes of action for declaratory relief concerning the treatment of an investment tax credit and Clean Fuel Production Credits. Compl. ¶¶ 46–55. A copy of the Complaint is attached hereto as **Exhibit A**.

2. The dispute concerns CalBioGas Hilmar LLC ("Hilmar"), which, through project subsidiaries, operates dairy digester facilities that convert manure into renewable natural gas. CalBioenergy manages Hilmar, and Chevron supplied investment capital. Compl. ¶ 2. The participating dairy farmers provide land, manure, and day-to-day cooperation under Lease and Feedstock Supply Agreements ("LFSAs"). In return, those agreements provide for rent tied to the projects' financial performance. Compl. ¶ 16. CalBioenergy contends that Hilmar's Company Agreement and the LFSAs require the value of the projects' investment and production tax credits to be shared among Chevron, CalBioenergy, and the dairy farmers, rather than retained entirely by Chevron. It seeks declarations establishing the resulting payment rights. Compl. ¶¶ 3–8.

3. In its first cause of action (the "ITC Claim"), CalBioenergy seeks a declaration that the 2024 investment tax credit allocated to Chevron constitutes a deemed distribution of Available Cash under the Company Agreement and that, as a result, Hilmar must make corresponding catch-up distributions to the dairy farmers and CalBioenergy before making further distributions to Chevron. Compl. ¶¶ 47–50, Prayer for Relief ¶ 1.

4. In its second cause of action, CalBioenergy seeks a declaration that Clean Fuel Production Credits constitute Cluster Income under the LFSAs and must be monetized and

distributed under the Company Agreement and LFSAs, rather than allocated to Chevron in kind outside the distribution waterfall. Alternatively, CalBioenergy contends that credits allocated to Chevron constitute deemed distributions of Available Cash requiring corresponding distributions to the dairy farmers and CalBioenergy. Compl. ¶¶ 52–55, Prayer for Relief ¶ 2. CalBioenergy also requests prejudgment interest, attorneys' fees and costs to the extent allowed by contract or statute, and other appropriate relief. Prayer for Relief ¶¶ 3-5.

**Compliance with Statutory Requirements**

5. CalBioenergy filed the Complaint in the Tulare County Superior Court on October 14, 2026. Chevron was served with the summons and Complaint on October 16, 2026.

6. This Notice of Removal is timely because it was filed on November 13, 2026, before the November 16, 2026 deadline. See 28 U.S.C. § 1446(b)(1).

7. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Chevron in this action are attached hereto as **Exhibits A** (the Complaint) and **B** (all filings, pleadings, and orders).

8. Promptly after filing this Notice of Removal, Chevron will provide written notice of removal to CalBioenergy's counsel and file a copy of this Notice with the clerk of the Tulare County Superior Court, as required by 28 U.S.C. § 1446(d). A copy of Chevron's Notice to State Court and Adverse Party of Removal from State Court to the United States District Court for the Eastern District of California (without exhibits) is attached as **Exhibit C**.

9. By removing this action, Chevron does not waive any defenses, all of which it expressly reserves. Chevron does not admit any of the Complaint's allegations or concede that CalBioenergy is entitled to declaratory relief, prejudgment interest, attorneys' fees, costs, or any other relief.

**Venue**

10. Venue for removal lies in the United States District Court for the Eastern District of California because this action is pending in the Tulare County Superior Court. This Court is "the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also id*. § 84(b).

**Removal Jurisdiction Based on Diversity of Citizenship**

*The Parties Are Completely Diverse*

11. As the Complaint alleges, Chevron is a citizen of Pennsylvania and Texas. Compl. ¶ 10. Chevron is incorporated in Pennsylvania, and its "high level officers direct, control, and coordinate the corporation's activities from" Houston, Texas. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010); 28 U.S.C. § 1332(c)(1). Chevron is not a citizen of California, the forum state. The citizenship of Does 1 through 10 is disregarded for removal purposes. 28 U.S.C. § 1441(b)(1).

12. The Complaint alleges that CalBioenergy is a California limited liability company with its principal place of business in Tulare, California. Compl. ¶ 9. CalBioenergy's citizenship depends on its members, rather than its state of formation or principal place of business. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). On information and belief, Chevron alleges that none of CalBioenergy's members was a citizen of Texas or Pennsylvania when this action commenced or is a citizen of either state at the time of removal.

13. Accordingly, CalBioenergy and Chevron were completely diverse when this action commenced and remain completely diverse at removal.

*The Amount in Controversy Is Satisfied*

14. Section 1332(a) requires an amount exceeding $75,000, exclusive of interest and costs. "In actions seeking declaratory . . . relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 775 (9th Cir. 2017). "[T]he test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001). Thus, the relevant object here is the disputed entitlement to distributions and the value and treatment of tax credits under the Company Agreement and LFSAs.

15. A "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, and need not contain evidentiary submissions." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 788 (9th Cir. 2018) (internal quotation marks omitted). Reasonable assumptions may be grounded in the Complaint's

allegations. "In calculating the amount in controversy, a removing defendant may make reasonable assumptions based on the plaintiff's complaint." *Perez v. Rose Hills Co.*, 131 F.4th 804, 806 (9th Cir. 2025). Further, a removing defendant may rely on the plaintiff's allegations to measure the amount at stake while disputing their merits. The strength of the defendant's merits defenses concerns the likelihood of recovery, not the amount in controversy, and using the pleaded claims for this calculation does not concede liability. *See Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927–28 (9th Cir. 2019); *see also Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 (9th Cir. 2020) (holding "district court erred in considering the merits of [defendant's] affirmative defense to determine the amount in controversy").

16. CalBioenergy seeks declaratory relief that, under its interpretation of the agreements, would establish its entitlement to payments exceeding the $75,000 amount-in-controversy threshold. The ITC Claim seeks a declaration that CalBioenergy is entitled to catch-up distributions corresponding to the 2024 investment tax credit allocated to Chevron. Compl. ¶ 48, Prayer for Relief ¶ 1. Its second claim seeks a declaration that Clean Fuel Production Credits earned in 2025 and later years must be monetized and distributed under the agreements or, alternatively, treated as deemed distributions to Chevron entitling CalBioenergy to corresponding payments. Compl. ¶¶ 52–55, Prayer for Relief ¶ 2.

17. The ITC Claim alone places more than $75,000 in controversy.[1] Chevron received approximately $28 million in investment tax credits for 2024. CalBioenergy contends that the Company Agreement treats those credits as if Chevron had received $28 million in cash under the agreement's rules for dividing cash among Chevron, CalBioenergy, and the dairy farmers. On its reading, that amount counts toward Chevron's share of distributions and triggers matching cash payments needed to give CalBioenergy and the dairy farmers their percentages under paragraph 5.1. It argues that Hilmar must therefore pay CalBioenergy and the dairy farmers their

[1] Chevron reserves the right to supplement its amount-in-controversy analysis with additional argument and evidence if CalBioenergy contests, or the Court questions, the amount alleged. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553–54 (2014) (explaining that when the defendant's amount-in-controversy allegation is challenged, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied").

corresponding shares before Chevron receives more distributions. Compl. ¶¶ 19–20, 24–26, 48. Under CalBioenergy's interpretation, treating Chevron's $28 million tax credit as its 75% share implies a corresponding payment to CalBioenergy and the dairy farmers of nearly $9.5 million, a figure exceeding the amount-in-controversy threshold.

18. Chevron therefore reasonably estimates that the object of the dispute exceeds $75,000, exclusive of interest and costs. This portion of the Complaint is therefore sufficient to satisfy the jurisdictional threshold without valuing the remaining requested relief. Chevron relies on CalBioenergy's interpretation solely to measure the amount at stake and does not concede that any catch-up payment is owed.

## **Conclusion**

19. For the foregoing reasons, Chevron removes this action from the Tulare County Superior Court to the United States District Court for the Eastern District of California. Chevron will provide written notice to CalBioenergy's counsel and file a copy of this Notice of Removal with the clerk of the Tulare County Superior Court pursuant to 28 U.S.C. § 1446(d).

Dated: November 13, 2026

JONES DAY

By: */s/ Joseph J. Boylan*
Christopher Lovrien
Joseph J. Boylan
Nathaniel P. Garrett

Attorneys for Defendant
CHEVRON U.S.A. INC.

**PROOF OF SERVICE**

I, Jennifer Gutierrez, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071.2452. On November 13, 2026, I served a copy of the within document(s):

CHEVRON U.S.A. INC.'S NOTICE OF REMOVAL
OF CIVIL ACTION FROM STATE COURT

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

| | |
|---|---|
| JENNIFER L. KELLER<br>ANAND R. SAMBHWANI<br>GREGORY M. SERGI<br>KELLER ANDERLE SCOLNICK LLP<br>18300 Von Karman Avenue, Suite 930<br>Irvine, California 92612 | Attorneys for Plaintiff<br>CALIFORNIA BIOENERGY LLC |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 13, 2026, at Los Angeles, California.

Jennifer Gutierrez
Jennifer Gutierrez